**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

CANVASFISH.COM, LLC,
a Montana limited liability company,

    Plaintiff,    Case No.: 1:21-cv-164

      v.

REDBUBBLE LIMITED d/b/a TEEPUBLIC,
an Australian limited by shares company, and

TP APPAREL, LLC d/b/a TEEPUBLIC,
a New York limited liability company, and

REDBUBBLE, INC.,
a Delaware limited liability company,

    Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

For its Complaint and Demand for Jury Trial in this matter, Plaintiff CANVASFISH.COM, LLC, by and through its attorneys Revision Legal, PLLC, states as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff CANVASFISH.COM, LLC ("CanvasFish") is a Montana limited liability company with its principal place of business in Traverse City, Michigan.

2. Redbubble Limited d/b/a TeePublic ("Redbubble Limited') is an Australian publicly traded limited by shares company with its principal place of business at Level 3, 271 Collis Street, Melbourne, Australia VIC 3000.

3. TP Apparel, LLC d/b/a Teepublic ("TP Apparel") is a New York limited liability company with its registered address at 25 Robert Pitt Drive, Suite 204, Monsey, New York 10952.

4. Redbubble, Inc. ("Redbubble, Inc.") is a Delaware corporation with its registered address at 108 West 13th St., Wilmington, Delaware 19801.

5. This Court has subject matter jurisdiction over the claims asserted by CanvasFish pursuant to 17 U.S.C. § 411, 15 U.S.C. § 1121, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. Personal jurisdiction is proper over Defendants because exercise thereof would not offend traditional notions of fair play or substantial justice because Defendants have purposefully availed themselves of this forum state, the cause of action arises from Defendants' activities here, and the Defendants' actions have caused damage to business with its domicile and principal place of business in Michigan.

8. Specifically, Defendants purposefully and intentionally availed themselves of this forum state by manufacturing, importing, distributing, offering for sale, displaying, advertising, and selling counterfeit goods bearing CanvasFish's trademarks and creative works, by creating and operating interactive websites that reveal specifically intended interactions with residents of the State of Michigan, and by selling counterfeit goods specifically to residents of the State of Michigan.

**PLAINTIFF'S BUSINESS**

9. CanvasFish is the business entity of artist Derek DeYoung.

10. Derek DeYoung is a well and widely known artist and a graduate of the Kendall College of Art and Design with his principal residence and place of business in Traverse City, Michigan.

11. DeYoung's artistic works primarily focus on fish and fishing, and, in particular, the sport of fly fishing. DeYoung's unique style presents a deviation from traditional fly-fishing art, which typically uses a palate of natural colors, because his work emphasizes the rich and vibrant colors of the fish to produce a compelling result that is unlike any other artist in the field.

12. Due to the uniqueness of his work, DeYoung has contributed his art to products produced by some of the world's largest manufacturers and retailers of sporting equipment and accessories, including collaborations with Burton Snowboards, Abel Reels, Simms, Costa, OtterBox, Buff, and Wingo Outdoors.

13. DeYoung has filed for and obtained copyright registration to the following works, which are relevant to this matter (the "Works"):

| | |
|---|---|
| Abstract Cutthroat Yellowstone | VA 1-934-591 |
| Cubist Brown | VA 2-101-364 |
| Grumpy Barracuda | VA 2-076-246 |
| Teton Risers – Night | VA 1-934-627 |
| Abstract Rainbow Royal Wulff | VA 1-970-688 |
| Brown Callibaetis | VA 2-076-693 |
| Fab Four – Trout | VA 1-934-681 |
| Abstract Brown Rusty Spinner | VA 1-934-676 |
| Contemporary Brook Trout Illustration | VA 1-934-744 |
| Abstract Tarpon Flank – Keys (Sunlight) | VA 1-970-693 |

| | |
|---|---|
| Abstract Brookie Flank 2 | VA 1-934-674 |
| 4 in 1 Full – Brown | VA 1-934-603 |
| 4 in 1 - Face | VA 1-910-379 |
| Pumpkinseed on Blue | VA 1-934-627 |
| Henry's Fork Riser | VA 1-934-685 |

**Exhibit L**, Copyright Registrations.

14. The Works have been assigned to CanvasFish, which operates DeYoung's business.

## PLAINTIFF'S TRADEMARK RIGHTS

15. CanvasFish is the owner of the United States Patent and Trademark Office ("USPTO") trademark registration for DEYOUNG (Registration No. 6157362), which is registered for use in association with paintings and online retail store services featuring artwork, apparel, stickers, phone cases, drinkware, blankets, playing cards, boat wraps, coasters, and coolers. **Exhibit M**, Trademark Registration.

16. The DEYOUNG trademark registration was granted on September 22, 2020.

17. CanvasFish has consistently and exclusively used the DEYOUNG mark in association with the sale and offering for sale of fine art paintings since as early as November 2, 2006.

18. CanvasFish has also consistently and exclusively used the DEYOUNG mark in association with online retail store services featuring artwork, apparel, stickers, phone cases, drinkware, blankets, playing cards, boat wraps, coasters, and coolers since as early as October 1, 2006.

19. CanvasFish has expended significant sums in advertising the DEYOUNG mark throughout the United States.

20. CanvasFish's DEYOUNG mark has obtained distinctiveness through secondary meaning.

21. As a result of CanvasFish's consistent, continuous, and exclusive use of DEYOUNG in commerce, CanvasFish's DEYOUNG mark has become well and favorably known across the United States and CanvasFish has obtained common law trademark rights in and to the DEYOUNG mark.

## DEFENDANTS AND THEIR BUSINESS

22. Redbubble Limited is a publicly traded Australian company that is in the business of owning and operating "print on demand" websites and manufacturing facilities.

23. Print on demand websites such as those owned and operated by Redbubble Limited allow users to upload digital images to a website.

24. The website then offers those images for sale on various merchandise, such as clothing, stickers, masks, phone cases, and wall art.

25. This merchandise is then advertised and offered for sale to the public by the owner of the print on demand website.

26. Print on demand websites often promote this merchandise through other third party websites, such as Google Shopping, by buying advertisements that provide them with more prominent placement in search engines.

27. When a consumer places an order for merchandise through the website, the print on demand website submits the order to its printing facility, which then prints and ships the product to the consumer.

28. Upon information and belief, Defendant Redbubble Limited owns, and is the parent company of, the two print on demand websites at issue in this case: redbubble.com and teepublic.com.

29. Upon information and belief, teepublic.com is owned and operated by Defendant TP Apparel.

30. Upon information and belief, redbubble.com is owned and operated by Defendant Redbubble, Inc.

**DEFENDANTS' INFRINGEMENT OF PLAINTIFF DEYOUNG'S RIGHTS**

    a. **Defendant TP Apparel, LLC**

31. On or about February 22, 2020, Plaintiff CanvasFish discovered that Defendant TP Apparel was infringing upon its rights by selling and offering for sale t-shirts bearing CanvasFish's work, "Tarpon Flank Late."

32. After additional investigation, Plaintiff soon found that Defendant TP Apparel was infringing on several of Plaintiff's registered copyrights, including "Permitopia" and "Harvest Moon Riser."

33. On February 24, 2020, Plaintiff, through counsel, put Defendant TP Apparel on notice of its rights by submitting a notice of claimed infringement describing the wide-scale infringement of Plaintiff's rights that were occurring on Defendant's website. **Exhibit A**, Notice of Claimed Infringement.

34. More specifically, Plaintiff, through counsel, brought to Defendant's attention that Defendant was advertising, offering for sale, and selling clothing items bearing Plaintiff's copyrighted works through the Google Shopping website, including by paying for advertisements to obtain preferential placement of these counterfeit products within the Google Shopping search engine. **Exhibit A**, Notice of Claimed Infringement.

35. In response, Defendant TP Apparel represented that it had removed the designs in question and terminated the user accounts identified.

36. However, Defendant TP Apparel continued to promote and facilitate the infringement of Plaintiff's works through its teepublic.com website.

37. On April 30, 2020, Plaintiff again discovered that TP Apparel was selling yet another of Plaintiff's works, specifically, "4-Panel Face."

38. To this date, this work remains on Defendant's website and is offered to sale on t-shirts, phone cases, kid's shirts, mugs, and masks. **Exhibit B**, Printout of Defendant's website.

39. After a more thorough search, Plaintiff discovered that Defendant TP Apparel was selling, without authorization, a variety of Plaintiff's copyrighted works.

40. On October 17, 2020, Plaintiff, through counsel, placed an order for two products, a hoodie and juvenile t-shirt, bearing Plaintiff's copyrighted work, Cubist Brown. **Exhibit C**, Printout of Order Receipt.

41. These products arrived on October 26, 2020. **Exhibit D**, Printout of Arrival Receipt.

42. Upon inspection, Plaintiff discovered that these products not only infringed upon its copyright rights, but they also bore the DEYOUNG trademark, indicating that they were printed, endorsed, sponsored, or otherwise authorized by Plaintiff. **Exhibit E**, Photos showing test buy.

43. Additionally, these products were printed on low-quality clothing goods and printed in a low-quality manner than how Plaintiff's works are typically produced.

44. In infringing upon Plaintiff's copyright rights, Defendant TP Apparel also utilities the DEYOUNG mark in its product listings, affirmatively stating that these products originate from Plaintiff CanvasFish and its owner, Derek DeYoung, and confusing consumers into believing that its products originate from, or are endorsed or sponsored

by, Plaintiff CanvasFish. **Exhibit F**, TeePublic spreadsheet and associated screenshots showing infringement.

45. Just prior to the filing of this lawsuit, thirteen of Plaintiff's copyrighted works continue to be sold on Defendant TP Apparel's website. **Exhibit F**, TeePublic spreadsheet and associated screenshots showing infringement.

   **b. Defendant Redbubble, Inc.**

46. After performing an investigation of Defendant TP Apparel's infringement, Plaintiff soon come to realize that Defendant Redbubble, Inc., which owns and operates the redbubble.com website, is also owned by TP Apparel's parent company, Redbubble Limited.

47. Upon review of the redbubble.com website, Plaintiff CanvasFish quickly discovered that Defendant Redbubble, Inc. had infringed upon twenty-two of Plaintiff's copyrighted works. **Exhibit G**, Redbubble spreadsheet and associated screenshots showing infringement.

48. Within these listings, and similar to Defendant TP Apparel, Defendant Redbubble, Inc. also utilities the DEYOUNG mark in its product listings, affirmatively stating that these products originate from Plaintiff CanvasFish and its owner, Derek DeYoung, and confusing consumers into believing that its products originate from, or are endorsed or sponsored by, Plaintiff CanvasFish. **Exhibit G**, Redbubble spreadsheet and associated screenshots showing infringement.

49. On January 21, 2021, Plaintiff, through counsel, placed an order for a product, a lightweight sweatshirt, bearing Plaintiff's copyrighted work, "Brook Trout Flank.' **Exhibit H**, Printout of Redbubble Order Receipt.

8

50. This product arrived on January 27, 2021. **Exhibit I**, Printout of Redbubble Arrival Receipt.

51. Upon inspection, Plaintiff discovered that, just like TP Apparel, this product not only infringed upon its copyright rights, but it also displayed the DEYOUNG trademark, indicating that it was printed, endorsed, sponsored, or otherwise authorized by Plaintiff. **Exhibit J**, Photos showing Redbubble test buy.

52. Additionally, this product was printed on low-quality clothing and printed in a low-quality manner.

53. As of the filing of this Complaint, numerous infringing products continue to be displayed on Defendant Redbubble, Inc.'s website. **Exhibit K**, Printout of Redbubble Website.

54. The products sold by Defendants and that bear Plaintiff CanvasFish's Works are unauthorized, unlicensed, and of poor quality.

55. These products are slavish copies of Plaintiff CanvasFish's copyrighted Works and constitute copyright infringement.

56. These products also infringe upon Plaintiff CanvasFish's registered trademark and common law trademark rights.

## COUNT I – COPYRIGHT INFRINGEMENT

57. Plaintiff CanvasFish incorporates all foregoing paragraphs as if fully restated herein.

58. Plaintiff CanvasFish owns a copyright registration for the following works:

| | |
|---|---|
| Abstract Cutthroat Yellowstone | VA 1-934-591 |
| Cubist Brown | VA 2-101-364 |
| Grumpy Barracuda | VA 2-076-246 |
| Teton Risers – Night | VA 1-934-627 |
| Abstract Rainbow Royal Wulff | VA 1-970-688 |

| | |
|---|---|
| Brown Callibaetis | VA 2-076-693 |
| Fab Four – Trout | VA 1-934-681 |
| Abstract Brown Rusty Spinner | VA 1-934-676 |
| Contemporary Brook Trout Illustration | VA 1-934-744 |
| Abstract Tarpon Flank – Keys (Sunlight) | VA 1-970-693 |
| Abstract Brookie Flank 2 | VA 1-934-674 |
| 4 in 1 Full – Brown | VA 1-934-603 |
| 4 in 1 - Face | VA 1-910-379 |
| Pumpkinseed on Blue | VA 1-934-627 |
| Henry's Fork Riser | VA 1-934-685 |

59. Plaintiff CanvasFish's Works are widely disseminated through CanvasFish's own website and on physical products.

60. Defendants had access to CanvasFish's Works.

61. Defendants have copied CanvasFish's Works and placed them on low quality merchandise, such as clothing goods and masks.

62. Defendants have manufactured, reproduced, prepared derivative works of, distributed copies of, and displayed publicly works that are identical copies of, and substantially similar to, CanvasFish's Works.

63. Defendants have offered for sale and sold these infringing copies of CanvasFish's Works to US consumers and retailers.

64. As a result of Defendants' infringement, CanvasFish has suffered monetary damages.

65. CanvasFish is entitled to the recovery of, at its election, statutory damages, actual damages, Defendants' profits, and the costs of this action.

66. CanvasFish is also entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502.

67. And DeYoung is also entitled his attorneys' fees pursuant to 17 U.S.C. § 505.

## COUNT II – TRADEMARK INFRINGMENT (§ 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))

68. Plaintiff CanvasFish incorporates all foregoing paragraphs as if fully restated herein.

69. Defendants' actions as described above have caused actual confusion and are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' products and commercial activities, and therefore constitute trademark infringement, false designation of origin, and unfair competition in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

70. Defendants' actions described above have, at all times relevant to this action, been willful.

71. As a foreseeable, direct, and proximate cause of Defendants' above-described actions, Plaintiff CanvasFish has been and will continue being irreparably damaged.

72. Plaintiff CanvasFish has no adequate remedy at law.

73. Plaintiff CanvasFish is entitled to the recovery of statutory damages, Defendants' profits, Plaintiff CanvasFish's actual damages, and the costs of this action.

74. Plaintiff CanvasFish is also entitled to preliminary and permanent injunctive relief.

75. Plaintiff CanvasFish is also entitled to its reasonable attorneys' fees.

## COUNT III – FALSE DESIGNATION OF ORIGIN AND TRADEMARK INFRINGEMENT (§ 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

76. Plaintiff CanvasFish incorporates all foregoing paragraphs as if fully restated herein.

77. Defendants' actions as described above have caused actual confusion and are likely to continue to cause confusion, mistake, or deception as to the origin, sponsorship, or approval

of Defendants' products and commercial activities, and therefore constitute trademark infringement, false designation of origin, and unfair competition in violation of § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

78. Defendants' actions described above have, at all times relevant to this action, been willful.

79. As a foreseeable, direct, and proximate cause of Defendants' above-described actions, Plaintiff CanvasFish has been and will continue being irreparably damaged.

80. Plaintiff CanvasFish has no adequate remedy at law.

81. Plaintiff CanvasFish is entitled to the recovery of Defendants' profits, Plaintiff Canvas Fish's actual damages, and the costs of this action.

82. Plaintiff CanvasFish is also entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

83. Plaintiff CanvasFish is also entitled to his attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

**COUNT IV – VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT**

84. Plaintiff CanvasFish incorporates all foregoing paragraphs as if fully restated herein.

85. Plaintiff CanvasFish is the owner of the DEYOUNG trademark.

86. Plaintiff CanvasFish has continuously and exclusively used the DEYOUNG trademark in association with the sale and offering for sale of fine art paintings and online retail store services since as early as November 2006.

87. Plaintiff CanvasFish is also the owner of a trademark registration of DEYOUNG with the United States Patent and Trademark Office for use in association with fine art paintings and online retail store services.

88. Through its longstanding and exclusive use of the DEYOUNG mark in commerce in association with his goods and services, Plaintiff CanvasFish has acquired common law trademark rights in and to the DEYOUNG mark.

89. Defendants have falsely designated the origin and source of their goods by offering for sale, manufacturing, and selling clothing goods bearing Plaintiff CanvasFish's Works.

90. These goods not only bear Plaintiff CanvasFish's Works, but they are also advertised as originating from Plaintiff CanvasFish through the use of its trademark and its owner's personal name, Derek DeYoung, in the product descriptions.

91. In many cases, the Works also bear DeYoung's signature, trademark, and personal name.

92. By making sales of these goods to consumers across the United States and disrupting the market for Plaintiff CanvasFish's own clothing goods, Defendants' false designation of origin has had a substantial effect on interstate commerce.

93. Defendants' use of Plaintiff CanvasFish's DEYOUNG trademark is likely to cause confusion, to cause mistake, and to deceive the public by suggesting that Defendants' goods are authorized by, sponsored by, approved by, or affiliated with Plaintiff.

94. Defendants have profited from this consumer confusion by diverting consumers from Plaintiff to Defendants.

95. As a result, Plaintiff CanvasFish has suffered monetary damages and a loss of goodwill associated with the DEYOUNG mark.

96. As a result, Plaintiff CanvasFish has suffered monetary damages and a loss of goodwill associated with the DEYOUNG trademark.

97. Consequently, Defendants' use of the DEYOUNG trademark constitutes a violation of the Michigan Consumer Protection Act.

98. Plaintiff CanvasFish is entitled to the recovery of Defendants' profits, its actual damages, and the costs of this action.

99. Plaintiff CanvasFish is also entitled to preliminary and permanent injunctive relief.

100. Plaintiff CanvasFish is also entitled to his reasonable attorneys' fees.

## COUNT V – COMMON LAW UNFAIR COMPETITION

101. Plaintiff CanvasFish incorporates all foregoing paragraphs as if fully restated herein.

102. Plaintiff CanvasFish is the owner of the DEYOUNG trademark.

103. Plaintiff CanvasFish has continuously and exclusively used the DEYOUNG trademark in association with the sale and offering for sale of fine art paintings and online retail store services since as early as November 2006.

104. Plaintiff CanvasFish is also the owner of a trademark registration for DEYOUNG with the United States Patent and Trademark Office for use in association with fine art paintings and online retail store services.

105. Through its longstanding and exclusive use of the DEYOUNG mark in commerce in association with his goods and services, Plaintiff CanvasFish has acquired common law trademark rights in and to the DEYOUNG mark.

106. Defendants have falsely designated the origin and source of their goods by offering for sale, manufacturing, and selling clothing goods bearing Plaintiff CanvasFish's Works.

107. These goods not only bear Plaintiff CanvasFish's Works, but they are also advertised as originating from Plaintiff CanvasFish through the use of its trademark and its owner's personal name, Derek DeYoung in the product descriptions.

108. In many cases, the Works also bear DeYoung's signature, trademark, and personal name.

109. By making sales of these goods to consumers across the United States and disrupting the market for Plaintiff CanvasFish's own clothing goods, Defendants' false designation of origin has had a substantial effect on interstate commerce.

110. Defendants' use of Plaintiff CanvasFish's DEYOUNG trademark is likely to cause confusion, to cause mistake, and to deceive the public by suggesting that Defendants' goods are authorized by, sponsored by, approved by, or affiliated with Plaintiff CanvasFish.

111. Defendants have profited from this consumer confusion by diverting consumers from Plaintiff CanvasFish to Defendants.

112. As a result, Plaintiff CanvasFish has suffered monetary damages and a loss of goodwill associated with its DEYOUNG mark.

113. As a result, Plaintiff CanvasFish has suffered monetary damages and a loss of goodwill associated with its DEYOUNG trademark.

114. Consequently, Defendants' use of Plaintiff CanvasFish's trademark constitutes a violation of Michigan unfair competition law.

115. Plaintiff CanvasFish is entitled to the recovery of Defendants' profits, Plaintiff's actual damages, and the costs of this action.

116. Plaintiff is also entitled to preliminary and permanent injunctive relief.

### **COUNT VI – MISAPPROPRIATION OF NAME OR LIKENESS**

117. Plaintiff CanvasFish incorporates all foregoing paragraphs as if fully restated herein.

118. Plaintiff CanvasFish has an interest in the exclusive use of its owner's own identity, in so far as it is represented by his name or likeness, and in so far as the use may be of benefit to Plaintiff CanvasFish or to others.

119. Specifically, Plaintiff CanvasFish uses its owner's, Derek DeYoung, name in the commercial sale of fine art and other goods.

120. Derek DeYoung has assigned the use of his name and likeness to Plaintiff CanvasFish.

121. Defendants have used DeYoung's name in commerce in association with the sale and offering for sale of clothing goods by applying his name directly to these goods.

122. Defendants' use of DeYoung's name is commercial in nature.

123. Defendants' use of DeYoung's name is likely to cause confusion, to cause mistake, and to deceive the public by suggesting that Defendants' goods are authorized by, sponsored by, approved by, or affiliated with DeYoung's goods.

124. Defendants' use of DeYoung's name in commerce is likely to confuse the public.

125. Defendants have profited from this consumer confusion by diverting consumers from Plaintiff CanvasFish to Defendants.

126. As a result, Plaintiff CanvasFish has suffered monetary damages and a loss of goodwill associated with his DeYoung name.

127. Consequently, Defendants' use of DeYoung's name constitutes misappropriation of name or likeness under Michigan common law.

128. Plaintiff CanvasFish is entitled to the recovery of Defendants' profits, Plaintiff's actual damages, and injunctive relief.

**PRAYER FOR RELIEF**

Plaintiff CanvasFish respectfully requests that the Court enter the following judgment against Defendant:

1. That the Court preliminarily and permanently enjoin and restrain Defendant, as well as its heirs, successors, assigns, officers, agents, and employees from:

   a. From reproducing, preparing derivative works of, distributing copies of, and displaying publicly Plaintiff CanvasFish's Works;

   b. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing Plaintiff CanvasFish's DEYOUNG trademark or any confusingly similar trademark; and

   c. Aiding or assisting any other third party in subsections (a) and (b) above;

2. That the Court award Plaintiff CanvasFish, at its election, actual damages, lost profits, consequential damages, exemplary damages, statutory damages, and any other damages allowable under law;

3. That the Court award Plaintiff CanvasFish costs and attorneys' fees, and;

4. That the Court award Plaintiff CanvasFish any other relief to which he is entitled.

Respectfully submitted,

Date: February 19, 2021             Canvasfish.com, LLC

/s/ John Di Giacomo
John Di Giacomo
Eric Misterovich
Amanda Osorio
*Attorneys for Plaintiff*
Revision Legal, PLLC
444 Cass St., Suite D
Traverse City, MI 49684
Phone: (231) 714-0100

Fax: (231) 714-0200
john@revisionlegal.com
eric@revisionlegal.com
amanda@revisionlegal.com

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

Respectfully submitted,

Date: February 19, 2021          Derek DeYoung

/s/ John Di Giacomo
John Di Giacomo
Eric Misterovich
Amanda Osorio
*Attorneys for Plaintiff*
Revision Legal, PLLC
444 Cass St., Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Fax: (231) 714-0200
john@revisionlegal.com
eric@revisionlegal.com
amanda@revisionlegal.com